IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,156






EX PARTE DANA JANENE MCCARTY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM LAMB COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated sexual assault , and punishment was assessed at sixteen
years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that she was denied her right to appeal. The trial court
entered findings of fact and conclusions of law recommending that applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and applicant is granted an out-of-time appeal from
his conviction in cause number 2946 from the 154th District Court of Lamb County. The
proper remedy in a case such as this is to return applicant to the point at which she can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the conviction had been entered on the day that the mandate of this
Court issues. We hold that applicant, should she desire to prosecute an appeal, must take
affirmative steps to see that notice of appeal is given within thirty days after the mandate of
this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: April 27, 2005